UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THOMAS C.A. SCHLUMBRECHT, ET AL.**          **CIVIL ACTION**

**VERSUS**          **No. 22-2111**

**ANDREW V. TOPEL, ET AL.**          **SECTION I**

**ORDER & REASONS**

Before the Court is a motion[1] filed by defendants Andrew V. Topel ("Topel") and Atlassoftwareservices (collectively, "defendants")[2] for an order directing plaintiffs Thomas C.A. Schlumbrecht and National Table Games Corporation ("NTG") (collectively, "plaintiffs")[3] to "provide a more definite statement of their complaint and amended complaint[,]"[4] pursuant to Federal Rule of Civil Procedure 12(e). Plaintiffs oppose[5] the motion. For the following reasons, the Court will deny defendants' motion.

**I.   BACKGROUND**

This case arises out of a dispute concerning an employment contract ("employment contract") between NTG, as employer, and Topel, as employee.[6]

---

[1] R. Doc. No. 25.
[2] Plaintiffs allege Topel is "the owner, operator and business principal of his business entity ATLASSOFTWARESERVICES, also conducting business as ATLAS SOFTWARE PRODUCTIONS[.]" R. Doc. No. 7, at 5.
[3] Plaintiffs' complaint states that Schlumbrecht is the Chief Executive Officer of NTG, which is "in the business of providing and licensing electronic casino table games gaming systems, games, gaming content and electronic systems to the vendees in the retail Casino Gaming Industry[.]" *Id.* at 15.
[4] R. Doc. No. 25, at 1.
[5] R. Doc. No. 29.
[6] R. Doc. No. 7, at 15.

1

Pursuant to the employment contract, plaintiffs allege, the plaintiffs "hired [Topel] as a contract employee to design and build a table games progressive system for installation and use in [c]asinos, for the benefit and use by" plaintiffs.[7] Plaintiffs further allege that the terms and conditions of the employment contract established that the employment contract was in "no way to be considered any partnership or sharing of ownership in any way[,]" and that the plaintiffs would "obtain full ownership of the progressive system" upon completion of the system.[8]

Plaintiffs' amended complaint[9] asserts that the systems the defendants produced "all contained defects or problems that would not allow their expected and contemplated sustained use in casinos, with all of these versions of that product being rejected by the respective casinos contracting with [p]laintiffs for use of the product . . . ."[10] This, plaintiffs further allege, caused them to suffer financial losses, the

---

[7] *Id.* at 16.
[8] *Id.* at 16–17.
[9] Plaintiffs filed their initial complaint on July 9, 2022. R. Doc. No. 1. Plaintiffs filed an amended complaint on January 13, 2023, which states that, "[t]o the extent that any allegations made in Plaintiffs' original Complaint/Petition conflict with those allegations, causes of action, facts or timelines set forth in this amended Complaint/Petition, Plaintiffs rely upon this updated and correcting amending Complaint/Petition as controlling and correct here going forward." R. Doc. No. 7, at 3. Plaintiffs further state in their opposition that the amended complaint "clearly explain[s] that the AMENDING COMPLAINT is the controlling and actual set of claims and facts to be litigated in this civil litigation, and that any conflicts between the sets of claims brought in either the original or amending complaints would be resolved by honoring those claims asserted in the AMENDING COMPLAINT." R. Doc. No. 29, at 3. Accordingly, plaintiffs' amended complaint is controlling.
[10] R. Doc. No. 7, at 17.

destruction of goodwill and business relationships, and diminished future business opportunities.[11]

Plaintiffs also claim that the defendants have "made repeated and unilateral demands that the [p]laintiffs agree to alter the fundamental structure of the business relationship between [plaintiffs] and [defendants], attempting to convert the [employment contract] . . . to a '50/50' ownership-partnership."[12] Finally, plaintiffs assert that defendants "have attempted to market and sell to [] third parties actual and/or similar casino gaming system products - the actual [i]ntellectual [p]roperty created and owned by the [p]laintiffs" without plaintiffs' knowledge, consent, or the authority to do so.[13]

## II. STANDARDS OF LAW

In their Rule 12(e) motion for a more definite statement, defendants assert that plaintiffs' complaint and amended complaint, as drafted, are "exceedingly difficult to understand"[14] and "prevent[s] [d]efendants from reasonably admitting or denying the allegations of the complaint and amended complaint" and from "fram[ing] a [sic] responsive pleadings without risk of prejudice."[15]

Federal Rule of Civil Procedure 12(e) states, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably

---

[11] *Id.* at 9, 29.
[12] *Id.* at 30.
[13] *Id.* at 12.
[14] R. Doc. No. 25-2, at 3.
[15] *Id.* at 1.

prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Federal Rule of Civil Procedure 8, which requires merely that a pleading "shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quotations omitted). "[W]hat constitutes a 'short and plain statement' for purposes of Rule 8 depends on the circumstances and the type of case," and district courts "should be given great leeway in determining whether a party has complied with" the rule. *Jumonville v. Dep't of Treasury*, 50 F.3d 1033, at *2 (5th Cir. 1995) (quotations omitted).

"Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored." *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (Vance, J.) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)[16]); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1376 (3d ed. 2022). At the same time, the Supreme Court has noted that "[i]f a

---

[16] "[I]n view of the great liberality of [Fed.] R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell*, 269 F.2d at 132.

4

pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

A court should only grant a motion for a more definite statement when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)); *accord Koerner v. Vigilant Ins. Co.*, No. 16-13319, 2016 WL 4728902, at *1 (E.D. La. Sept. 12, 2016) (Africk, J.). Rule 12(e) motions, "though disfavored, are necessary when the pleadings are unintelligible rather than suffer from a want of detail." *Tipton v. Reynolds*, No. 13-0509, 2013 WL 4854372, at *2 (E.D. La. Sept. 10, 2013) (Berrigan, J.) (citing *Mitchell*, 269 F.2d at 132). However, 12(e) motions are "'inappropriate where the information sought can otherwise be obtained by discovery.'" *Matter of Magnolia Fleet, LLC*, No. 22-504, 2022 WL 2986645, at *2 (E.D. La. July 28, 2022) (Fallon, J.) (quoting *Babcock*, 235 F.R.D. at 633). "The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion." *Murungi*, 646 F. Supp. 2d at 811.

### III.   ANALYSIS

Plaintiffs' amended complaint is jumbled, seemingly jumping from facts to claims and back again to facts. It certainly could have been more thoughtfully drafted; the disorganized structure is exacerbated by the amended complaint's lack of section

headers, infrequent use of numbering, and lengthy paragraphs. *See Jones v. Herlin*, No. 12-1978, 2013 WL 823420, at *3 (W.D. La. Mar. 6, 2013) ("[P]laintiffs certainly could have been more precise in their drafting of the complaint, *e.g.*, by referencing or incorporating factual allegations by paragraph number[.]") The amended complaint is also repetitive,[17] asserting the same claims and factual allegations multiple times.

However, Rule 8's notice pleading standard is intended to provide defendants with notice of the plaintiff's claims and grounds for those claims. *See Dura*, 544 U.S. at 346. "While plaintiffs' [amended] complaint is not a model of clarity or organization, it does provide defendants with sufficient notice of [plaintiffs'] claims." *Herlin*, 2013 WL 823420, at *3. Plaintiffs clearly state that they are asserting claims for "Breach of Contract, Unfair Business Practices, Unjust Enrichment, Detrimental Reliance, Conversion, Lost Income and Business Opportunity" multiple times.[18] The

---

[17] *Compare* R. Doc. No. 7, at 41–42 ¶4 ("Plaintiffs seek the Court to provide . . . a [p]reliminary [i]njunction against [d]efendants to prevent them from selling, manufacturing, distributing, leasing, renting or otherwise alienating and profiting from sale or delivery of the [p]laintiffs' contracted-for and purchased casino gaming progressive system or any improvements thereto, to any parties other than the [p]laintiffs") *with id.* at 42 ¶ 5 ("Upon information and belief, [d]efendants are believed to be offering [p]laintiffs' contracted-for and purchased casino gaming progressive system to the marketplace for a sale price . . . . The [p]laintiffs seek an [o]rder from this Court estopping such sale or alienation of these items, seeking [p]reliminary [i]njunctive relief preventing any such sale of these products until such time as the claims of the [p]laintiffs are litigated here.").

[18] *See id.* at 5–7. While defendants note that the "word 'fraud' appears multiple times" in plaintiffs' amended complaint, even though "'fraud' is not identified as a cause of action[,]" R. Doc. No. 25, at 3, it appears that plaintiffs' use of the word "fraud" is attributable to inartful pleading and is intended to connote alleged misconduct on the part of the defendants rather than a specific fraud cause of action.

factual basis for plaintiffs' claims is discussed at length, including timelines of alleged attempted installations of the gaming systems,[19] providing defendants with notice of plaintiffs' claims. Indeed, the defendants' motion for a more definite statement does not specify the "details desired" that are absent from the plaintiffs' amended complaint, as required by Rule 12(e), because plaintiffs' amended complaint is nothing if not detailed.

Defendants assert that plaintiffs' amended complaint does not satisfy Rule 8's requirement that allegations be "simple, concise, and direct[,]" Fed. R. Civ. P. 8(d)(1), as it is "longwinded" and "wordy," and therefore does not provide a clear statement of plaintiffs' claims.[20] Defendants cite *McZeal v. J.P. Morgan Chase Bank, NA*, No. 13-6754, 2014 WL 3166715 (E.D. La. July 7, 2014) (Duval, J.), for the proposition that "convoluted, rambling, and disjointed" allegations "provid[e] no clear statement of a claim" and therefore warrant granting a motion for a more definite statement. *Id.* at *7. However, the complaint in *McZeal* was "written in an impenetrably dense, jargon-laden, and largely incomprehensible prose" and, "[i]n fifty-seven pages, the Court strain[ed] to find any facts underlying the dispute upon which Plaintiff base[d] no less than twenty-one numbered claims." *Id.* at *6. Plaintiffs' amended complaint is not without its flaws, but it is comprehensible and provides defendants with notice of the claims against them, as required by Rule 8.

---

[19] *See* R. Doc. No. 7, at 17–28 (providing a "brief timeline or history of each attempt at installation of the several different versions of the contracted-for product[.]")
[20] R. Doc. No. 25-2, at 3.

Defendants are also provided with ample factual support for each legal claim. "The court has no difficulty concluding that plaintiffs' factual allegations suffice to outline the elements of their various claims or to permit inferences to be drawn that these elements exist." *Herlin*, 2013 WL 823420, at *4. Though the plaintiffs' amended complaint in the instant case may not "suffer from a want of detail[,]" its detail and repetition do not rise to the level of an "unintelligible" pleading which would therefore warrant granting an otherwise disfavored motion for a more definite statement. *Tipton*, 2013 WL 4854372, at *2. Further, as stated, "what constitutes a 'short and plain statement' for purposes of Rule 8 depends on the circumstances and the type of case," and district courts "should be given great leeway in determining whether a party has complied with" the rule. *Jumonville*, 50 F.3d 1033, at *2.

The Court consequently finds that the information provided in the plaintiffs' amended complaint provides defendants with fair notice of the claims against them, and it is not so excessively vague and ambiguous as to be unintelligible and as to seriously prejudice the defendants attempt to answer it.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion for a more definite statement is **DENIED**.

New Orleans, Louisiana, April 12, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**